UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:15-cr-107-JMH-2 |
| v. | ) | |
| | ) | |
| PEGGY RICHEY, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |
| | ) | |

\*\*\*

This matter is before the Court on the Defendant Peggy Richey's sealed motion. [DE 115]. On May 8, 2019, the Court received the *pro se* motion from Richey, which contained sensitive personal health information, requesting the Court "recommend" to the Bureau of Prisons ("BOP") that she be placed in a halfway house or otherwise on home confinement. [DE 115]. The Court then ordered the Clerk to file the motion under seal, and directed Plaintiff, United States of America ("United States"), to file a response to the sealed motion on or before Thursday, May 23, 2019. [Id.]. The United States responded on June 3, 2019. [DE 117]. Having reviewed Richey's Motion [DE 115], the United States' response, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Richey's motion be **DENIED**.

On March 27, 2017, Richey pleaded guilty to violating 18 U.S.C. § 373, for solicitation to commit a crime of violence. [DE 95]. In particular, Richey admitted to soliciting a cooperating

1

witness to use force against an individual who was to be a witness against the co-defendant, Brian K. Shelton. [DE 95]. This included providing the cooperating witness with an AR-15 rifle and cash. [Id.]. As a result, Richey was sentenced to forty-eight (48) months imprisonment followed by three (3) years of supervised release. [DE 110].

Richey now moves this Court for a recommendation to the BOP, suggesting that Richey be placed in a halfway house or otherwise in home confinement due to her own health concerns and those of her family. [DE 115]. Richey correctly states that, pursuant to 18 U.S.C. § 3624(c)(1), the BOP has the authority to assign an inmate to a halfway house within the last twelve (12) months of his or her term of imprisonment. [Id.]. Richey claims her release date is October 23, 2020, and therefore the BOP should place her in a halfway house. [Id.]. To reach her objective, Richey has asked this Court to recommend the Director of the BOP do so.

The language of 18 U.S.C. § 3624(c)(1) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The plain language of 18 U.S.C. § 3624(c)(1) requires the Director of the BOP, to the extent practicable, to place prisoners meeting certain requirements in community correctional facilities. *Id.* In deciding such placement, the BOP considers a variety of factors, including "any statement by the court that imposed the sentence ... recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). This Court sentenced Richey, [DE 115], and therefore is entitled to make a recommendation to the BOP regarding the appropriate type of penal or correctional facility for Richey pursuant to 18 U.S.C. § 3621(b)(4)(B).

While the BOP must consider "any statement" the sentencing court makes "recommending a type of penal or correctional facility...[,]" the final decision ultimately lies with the BOP. *See* 18 U.S.C. § 3621(b)(4)(B); *see also*, *Carter v. United States*, Case No. 17-C-1325, Crim. Action No. 14-CR-150, 2018 WL 2376513, at *2 (E.D. Wisc. May 24, 2018). As a result, any recommendation under 18 U.S.C. § 3621(b)(4)(B) would be merely advisory.

The United States argues that the Court should make no such recommendation. [DE 117]. In particular, the United States claims, among other things, that the BOP is in the best position to make a decision regarding Richey's placement within the prison system, including whether she should be placed in a halfway house or on home confinement as she requests. [Id. at 4, PageID #365].

In addition, the United States argues that Richey's criminal conduct was violent and rare, and therefore she is not worthy of a recommendation from this Court absent some other fact. [Id.]

To the extent the United States argues that the BOP is in a better position to make a decision about Richey's placement, this Court agrees. Even though the court has authority to issue a non-binding recommendation, 18 U.S.C. § 3621(b)(4)(B), Congress has specifically entrusted such decisions to the BOP, 18 U.S.C. § 3624(c)(1), which is best suited to consider the prisoner's adjustment, his current treatment needs, the available resources, and the other relevant considerations. *See Carter*, 2018 WL 2376513 at 3. Moreover, BOP is also better positioned to determine which of the prisoners under its control are most deserving of such placement. *Id.* Like the *Carter* court "...this court can only act on a case-by-case basis, based on dated information, and has little insight to offer." *Id*. As a result, this Court declines to recommend Richey be placed in a halfway house or home confinement.

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Richey's sealed motion [DE 115] be, and the same hereby is, **DENIED**.

This the 4th day of June, 2019.



Signed By:
*Joseph M. Hood*
**Senior U.S. District Judge**